IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES AUSTIN BRESLIN, ) | No. C 05-2005 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | |
| ) | (Docket No. 4) |
| PEOPLE OF THE STATE OF ) | |
| CALIFORNIA, ) | |
| ) | |
| Respondent. ) | |
| _____ | |

      The above-titled action consists of a "Motion for Habeas Corpus Mandate of Judgment for case on Appeal," filed by a California prisoner proceeding pro se. In said motion, petitioner states that during his parole revocation hearing, he was informed that he would not receive "half-time credits" while serving his sentence. Petitioner claims this was a "clerical error," and that under California law, he should receive "half-time credits."

      State prisoners who wish to challenge the computation of their time credits must do so in a petition for a writ of habeas corpus, because a favorable determination of the claim would likely result in entitlement to an earlier release. See <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997); <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858-59 (9th Cir. 2003) (noting where claim, if successful, would "necessarily" or "likely" accelerate prisoner's release on parole, claim is properly brought by way of habeas petition). Accordingly, the Court construes this action as one seeking habeas relief.

      This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner's claim that he is entitled to receive "half-time" credits under California law is not cognizable in a federal habeas petition.  A writ of habeas corpus is available "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Here, as noted, petitioner alleges that state officials have misapplied state law in denying him eligibility for half-time credits.

Accordingly, as the petition does not claim a violation of federal law, the petition is hereby DISMISSED for failure to state a cognizable claim for federal habeas relief.  Such dismissal is without prejudice to petitioner's raising his claims in the state courts or to pursuing any administrative remedies that are available for challenging the determination that he was not eligible to earn half-time credits.

As petitioner has paid the filing fee, the application to proceed in forma pauperis is DENIED as moot.

This order terminates Docket No. 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 17, 2005

     /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

2